STATE OF IOWA, Appellee, v. FRED CERANEK, Appellant.

**WITNESSES:**   Examination—Credibility—Interest.   It is reversible
error to deny to a party in the cross-examination of a witness the
right to show that the witness had been promised *compensation* for
obtaining the testimony in question.

Headnote 1.   17 C. J. p. 313; 40 Cyc. p. 2671.

*Appeal from Audubon District Court.*—J. S. DEWELL, Judge.

DECEMBER 11, 1924.

THE defendant was convicted of the crime of selling in-
toxicating liquors, and appeals from the judgment imposing a
fine of $200, together with the costs of the prosecution.   The
judgment also ordered that the defendant, in default of payment
of the fine, be committed to the county jail for a period of 147
days.—*Reversed.*

*S. C. Kerberg* and *J. A. Graham,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, and *L. Dee Mallonee,* County Attorney, for
appellee.

STEVENS, J.—The defendant was convicted in the court
below of having violated the prohibitory liquor law.   It is the
claim of the appellant that the two principal witnesses for the
prosecution, who, the State claims, purchased a quart of liquor
of appellant, were in the employ of the sheriff, and were prom-
ised or paid compensation for their services.   The evidence
shows that they were employed by the sheriff; but the court re-
fused to permit counsel to show, on cross-examination, that they
were paid for purchasing the liquor, or that they were promised
other favors for their services.   The four dollars paid for the
liquor was furnished them by the sheriff, to whom, they testi-
fied, they immediately delivered said liquor. The reason assigned
by the court for his refusal to permit counsel for appellant to

cross-examine the witnesses as to the above matters, was the immateriality of the testimony. The jury was instructed that the motive of the parties purchasing the liquor was immaterial, and had no bearing upon the guilt or innocence of the accused. It being conceded that this is the law, it nevertheless is true that appellant had a right to cross-examine the witnesses as to any matter affecting their credibility, or tending to show their interest in the case. This is elementary, and needs no citation of authority. The evidence introduced was clearly sufficient to sustain a conviction; but it is not clear how the court can say that the refusal to permit cross-examination of the witnesses as to their interest in the case was without prejudice.

None of the other questions discussed by counsel need be considered. For the error pointed out, the judgment of the court below is—*Reversed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.